# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH WAYNE ROBERTSON, SR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:21-cv-00339-JCH |
| | ) | |
| MICHAEL ANDERSON, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of petitioner Joseph Wayne Robertson, Sr. for leave to commence this civil action without payment of the required filing fee. Having reviewed the motion, the Court finds that it should be granted. *See* 28 U.S.C. § 1915(a)(1). Additionally, for the reasons discussed below, petitioner will be directed to show cause as to why his petition for writ of habeas corpus under 28 U.S.C. § 2241 should not be dismissed for failure to exhaust.

### The Petition

Petitioner is a self-represented litigant who is currently being held at the Metropolitan St. Louis Psychiatric Center (MPC) in St. Louis, Missouri, apparently pursuant to a state court order. He brings this action under 28 U.S.C. § 2241, seeking release from the MPC, as well as damages. (Docket No. 1 at 7). The petition is handwritten on a Court-provided § 2241 form.

According to petitioner, he is a pretrial detainee who is confined at the MPC due to a court order by Judge Scott Schrum. (Docket No. 1 at 1). He states that he is undergoing the forensic pretrial program. Though petitioner does not explain what this program is, it appears he may be undergoing a competency evaluation. Petitioner provides a case citation, but the Court has been

unable to locate it on Case.net, Missouri's online case management system, likely because it concerns mental health issues.[1]

In the petition, petitioner takes issue with an "opinion" authored by an individual named Rachael Springman, a psychologist at the MPC. (Docket No. 1 at 2, 9). Petitioner does not disclose the substance of the "opinion" or the reason it was authored. In any event, he asserts four separate grounds challenging the validity of his confinement.

In his first ground for relief, petitioner terms Springman's opinion "preposterous" and states that it has caused him "to be held in jail without medical treatment." (Docket No. 1 at 6). He further alleges that because Springman said he was delusional, the MPC has tried to give him medications "that would have been harmful."

With regard to the second ground for relief, petitioner asserts that his "livelihood" as a "used car dealer was infringed," because Judge Schrum ordered him to remain incarcerated until he was sent to the MPC. Due to Judge Schrum's order, and Springman's opinion, petitioner states that he "could not operate [his] business."

As to the third ground, petitioner states that his "right to freedom, life, liberty, [and] to be an honest citizen were infringed on, because [he] could have [taken] a deal with [the] prosecutor, and been selling cars and building homes for people." He also states that the "living conditions [in] jail" have caused him physical harm.

Finally, in ground four, petitioner states that he was hospitalized at St. Mary's because he was given too strong a dosage of blood pressure medication while at the MPC. (Docket No. 1 at 7). As a result of this medication, petitioner claims that he almost had a heart attack because his "heart rate [was] too low."

---

[1] The case number provided by petitioner is 20IR-CR00044 (42nd Jud. Cir., Iron County).

Regarding exhaustion, petitioner states that he appealed the decision placing him in the MPC. (Docket No. 1 at 2). In support of this contention, petitioner notes that he filed a pro se "motion to be heard" in the Iron County Circuit Court, before Judge Schrum. The motion purportedly challenged Springman's opinion and the validity of certain officers' statements. Petitioner also sought to have his public defender replaced. This motion was apparently denied, and petitioner did not attempt to appeal. The Court notes that it is unclear whether petitioner's pretrial evaluation had been completed at the time he filed the motion, or whether petitioner's motion objected to the findings of such evaluation under RSMo § 552.020.

Inserted into the § 2241 petition are three pages that seem to come from a 42 U.S.C. § 1983 complaint form. These pages list twelve separate defendants, with boxes checked to indicate that each defendant is sued in both an official and individual capacity. (Docket No. 1 at 8-10).

Petitioner asks the Court to release him from jail and MPC; to award him damages; to expunge his mental health records; and to order defendants to compensate him for having "tampered with" his livelihood. (Docket No. 1 at 7).

## Discussion

Petitioner is a self-represented litigant who brings this action pursuant to 28 U.S.C. § 2241, seeking release from the MPC. For the reasons discussed below, petitioner will be ordered to show cause as to why his petition should not be dismissed for failure to exhaust state remedies.

### A. Exhaustion

Habeas corpus is generally a post-conviction remedy. *See Peyton v. Rowe*, 391 U.S. 54, 59 (1968). *See also Jones v. Perkins*, 245 U.S. 390, 391 (1918) (stating that it "is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of trial"). Pursuant to 28 U.S.C.

Case: 4:21-cv-00339-JCH   Doc. #: 5   Filed: 08/25/21   Page: 4 of 9 PageID #: 30

§ 2241(c)(3), however, a petitioner may file a petition for writ of habeas corpus if he or she "is in custody in violation of the Constitution or laws or treaties of the United States," regardless of whether he or she is in custody pursuant to the judgment of a state court.[2] Thus, a state court defendant attempting to litigate the authority of his or her pretrial detention may bring a habeas petition pursuant to § 2241. *See Palmer v. Clarke*, 961 F.2d 771, 774 (8th Cir. 1992) (noting that it was well-established that federal district courts could entertain a § 2241 petition in which petitioner asserted an impending Double Jeopardy Clause violation). *See also Walck v. Edmondson*, 472 F.3d 1227, 1235 (10th Cir. 2007) (stating "that a state court defendant attacking his pretrial detention should bring a habeas petition pursuant to the general grant of habeas authority contained within 28 U.S.C. § 2241"); and *Dickerson v. State of Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987) (stating that pretrial petitions "are properly brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him").

Despite a detainee's ability to attack his pretrial detention through § 2241, federal courts should not interfere, absent extraordinary circumstances, with a state's "pending judicial processes prior to trial and conviction, even though a prisoner claims he is being held in violation of the Constitution." *Sacco v. Falke*, 649 F.2d 634, 636 (8th Cir. 1981).

Although the language of § 2241 does not contain an exhaustion requirement, a body of case law has developed determining that "federal courts should abstain from the exercise of [§ 2241] jurisdiction if the issues raised in the petition may be resolved either by trial on the merits

---

[2] *Compare* 28 U.S.C. § 2254(a) (stating that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody *pursuant to the judgment of a State court* only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States") (emphasis added), *with* 28 U.S.C. § 2241(c)(3) (stating that the "writ of habeas corpus shall not extend to a prisoner unless…[h]e is in custody in violation of the Constitution or laws or treaties of the United States").

in the state court or by other state procedures available to the petitioner." *Dickerson*, 816 F.2d at 225 (collecting cases). *See also Sacco*, 649 F.2d at 635-36 (stating that a petitioner seeking relief from state custody pursuant to § 2241 was "required to exhaust his state remedies"); *Hogquist v. Anoka Cty. Dist. Courts*, 2019 WL 6879367, at *1 (D. Minn. 2019); and *Moore v. United States*, 875 F. Supp. 620, 622 (D. Neb. 1994).

A prisoner can only avoid exhausting state remedies if he can demonstrate the existence of special circumstances. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489 (1973) (stating that "federal habeas corpus does not lie, absent special circumstances, to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgement of conviction by a state court"); and *Neville v. Cavanagh*, 611 F.2d 673, 675 (7th Cir. 1979) (stating that federal courts are reluctant to grant pretrial habeas relief, and that in the interest of comity between federal and state courts, a petitioner must first exhaust his state remedies, absent a showing of "special circumstances").

As discussed above, petitioner appears to be challenging his placement in the MPC pending a pretrial competency evaluation. Missouri law provides for such an evaluation, and requires that it be completed within sixty days of being ordered. RSMo § 552.020.2. During the pendency of the evaluation, the court may order "the accused be committed to or held in a suitable hospital facility." RSMo § 552.020.5. If the contents of the evaluation are contested, the court must hold a hearing to determine the accused's "mental fitness to proceed." RSMo § 552.020.7. At such a hearing, "the accused is presumed to have the mental fitness to proceed." RSMo § 552.020.8. Upon a finding of mental unfitness, the criminal proceedings must be suspended, and the accused committed "to the director of the department of mental health." RSMo § 552.020.9. A person so

committed "shall be entitled to the writ of habeas corpus upon proper petition to the court that committed him." RSMo § 552.020.10.

In this case, it is not entirely clear what petitioner is challenging, save for his vague reference to Rachael Springman's "opinion." The Court assumes, however, based on the contents of the petition, that petitioner has been committed to the MPC after a determination that he was mentally unfit to proceed in his criminal case. To that extent, Missouri law provides an avenue for him to challenge that commitment via a petition for writ of habeas corpus. Though petitioner mentions filing a "motion to be heard," it is unclear whether petitioner has filed such a petition in state court, or that he has appealed an adverse ruling. Therefore, petitioner has not demonstrated that he has exhausted his state remedies.

**B.  Order to Show Cause**

Petitioner has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, claiming that he is a pretrial detainee being held at the MPC. He seems to be challenging a commitment order regarding his competency to proceed in his criminal case, but has not sufficiently demonstrated that he has exhausted his state court remedies before filing this action in federal court. Specifically, there is no indication that he has filed a state court petition for writ of habeas corpus, as provided by RSMo § 552.020.10. As noted above, exhaustion is "ordinarily required" for "a petitioner seeking relief from state custody by means of a federal writ of habeas corpus." *See Sacco*, 649 F.2d at 635-36.

Rather than summarily dismissing this action, the Court will direct petitioner to submit a written show cause response explaining why his petition should not be dismissed for failure to exhaust. Petitioner should clarify what "opinion" he is challenging and the actions he has taken in state court to seek relief. If petitioner is not seeking to challenge his commitment for lack of mental

6

fitness to proceed in his criminal case, he should clarify exactly what he is contesting. Because the Court is unable to review petitioner's state court records, petitioner should provide as much detail as possible.

Petitioner will be given **thirty (30) days** in which to respond. Failure to respond within **thirty (30) days** will result in the dismissal of this action without prejudice and without further notice.

### C.  Motion to Appoint Counsel

There is neither a constitutional nor statutory right to the appointment of counsel in a federal habeas proceeding. *See Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994) (stating that it has never "been held that there is a constitutional right to counsel in a habeas action"). Rather, the decision to appoint counsel is within the discretion of the district court. *Williams v. State of Missouri*, 640 F.2d 140, 144 (8th Cir. 1981) (explaining that "court is empowered within its discretion to appoint counsel to assist a prisoner in presenting a habeas corpus petition, and failure to appoint one in the circumstances of this case was not an abuse of that discretion").

A court may appoint counsel for a self-represented petitioner when "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B) (providing that in the "interests of justice," a court may provide representation for any financially eligible person who "is seeking relief under section 2241, 2254, or 2255 of title 28"). "To determine whether appointment of counsel is required for habeas petitioners with nonfrivolous claims, a district court should consider the legal complexity of the case, the factual complexity of the case, the petitioner's ability to investigate and present his claim, and any other relevant factors." *Abdulla v. Norris*, 18 F.3d 571, 573 (8th Cir. 1994).

Here, petitioner is being ordered to file a show cause response demonstrating why his 28 U.S.C. § 2241 petition should not be dismissed for failure to exhaust state remedies. As such, the

Court will deny petitioner's motion to appoint counsel at this time. The Court will entertain a future motion for appointment of counsel as the case progresses, if appropriate.

**D.  Conditions of Confinement**

Though petitioner has brought this action pursuant to 28 U.S.C. § 2241, he has also made complaints regarding his conditions of confinement, has sought monetary damages along with release, and has listed twelve defendants that he wishes to sue in both their official and individual capacities. Such claims regarding his conditions of confinement – rather than the fact or duration of confinement itself – are properly brought under 42 U.S.C. § 1983. The Court will therefore direct the Clerk of Court to send to petitioner a copy of the Court's prisoner civil rights form, and a copy of the Court's motion for leave to proceed in forma pauperis form. If petitioner wishes to pursue his conditions of confinement claims, he must file a **separate** § 1983 action, along with a motion to proceed in forma pauperis.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner's motion for appointment of counsel (Docket No. 3) is **DENIED** at this time.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send to petitioner a copy of the Court's prisoner civil rights complaint form and a copy of the Court's motion for leave to proceed in forma pauperis form.

**IT IS FURTHER ORDERED** that petitioner shall show cause in writing and within **thirty (30) days** of the date of this order as to why his 28 U.S.C. § 2241 petition should not be dismissed for failure to exhaust state remedies.

8

**IT IS FURTHER ORDERED** that if petitioner fails to show cause in writing and within **thirty (30) days** of the date of this order as to why his 28 U.S.C. § 2241 petition should not be dismissed for failure to exhaust state remedies, this action will be dismissed without prejudice and without further notice.

Dated this __25th__ day of __August__, 2021.

_____\s\ Jean C. Hamilton_____
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE