# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JOSEPH WAYNE ROBERTSON, SR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:21-cv-00339-JCH |
| ) | |
| MICHAEL ANDERSON, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on petitioner Joseph Wayne Robertson, Sr.'s "Motion to Show Cause," which the Court has construed as his response to the Court's order of August 25, 2021. (Docket No. 7). Having reviewed the response, and for the reasons discussed below, the Court will dismiss petitioner's 28 U.S.C. 2241 petition for failure to exhaust.

## Background

Petitioner is a self-represented litigant who – at the time of filing – was being held at the Metropolitan St. Louis Psychiatric Center (MPC) in St. Louis, Missouri, pursuant to a court order. He brought this action under 28 U.S.C. § 2241, seeking release from the MPC, as well as damages. (Docket No. 1 at 7). The petition is handwritten on a Court-provided § 2241 form.

According to petitioner, he was a pretrial detainee confined at the MPC due to a court order by Judge Scott Schrum. (Docket No. 1 at 1). He stated that he was undergoing the forensic pretrial program, the purpose of which was to determine whether he was competent to proceed to trial.[1]

In the petition, petitioner took issue with an "opinion" authored by an individual named Rachael Springman, a psychologist at the MPC. (Docket No. 1 at 2, 9). Though petitioner did not disclose the specific substance of the "opinion," the implication was that it had caused him to be sent to the MPC, where he was currently being held. The petition contained four separate grounds challenging the validity of his confinement.

In his first ground for relief, petitioner termed Springman's opinion "preposterous" and stated that it had caused him "to be held in jail without medical treatment." (Docket No. 1 at 6). He further alleged that because Springman said he was delusional, the MPC tried to give him medications "that would have been harmful."

With regard to the second ground for relief, petitioner asserted that his "livelihood" as a "used car dealer was infringed," because Judge Schrum ordered him to remain incarcerated until he was sent to the MPC. Due to Judge Schrum's order, and Springman's opinion, petitioner stated that he "could not operate [his] business."

As to the third ground, petitioner contended that his "right to freedom, life, liberty, [and] to be an honest citizen were infringed on, because [he] could have [taken] a deal with [the]

---

[1] The Court was initially unable to locate petitioner's case on Case.net, Missouri's online case management system, likely because petitioner was undergoing a mental health evaluation. As explained below, however, petitioner was ultimately deemed competent to stand trial, allowing the Court to review petitioner's criminal case. The docket sheet shows that petitioner was found competent to proceed on August 26, 2021, and released on his own recognizance on September 10, 2021. *See State of Missouri v. Robertson*, No. 20IR-CR00044 (42nd Jud. Cir., Iron County). The Court takes judicial notice of this public record. *See Levy v. Ohl,* 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records); and *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

prosecutor, and been selling cars and building homes for people." He also stated that the "living conditions [in] jail" have caused him physical harm.

Finally, in ground four, petitioner stated that he was hospitalized at St. Mary's because he was given too strong a dosage of blood pressure medication while at the MPC. (Docket No. 1 at 7). As a result of this medication, petitioner claimed that he almost had a heart attack because his "heart rate [was] too low."

Regarding exhaustion, petitioner asserted that he appealed the decision placing him in the MPC. (Docket No. 1 at 2). In support of this contention, petitioner noted that he filed a pro se "motion to be heard" in the Iron County Circuit Court, before Judge Schrum. The motion challenged Springman's opinion and the validity of certain officers' statements. Petitioner also sought to have his public defender replaced. This motion was apparently denied, and petitioner did not attempt to appeal.

Inserted into the 28 U.S.C. § 2241 petition were three pages that seem to have come from a 42 U.S.C. § 1983 complaint form. These pages listed twelve separate defendants, with boxes checked to indicate that each defendant was sued in both an official and individual capacity. (Docket No. 1 at 8-10).

Petitioner asked the Court to release him from jail and the MPC; to award him damages; to expunge his mental health records; and to order defendants to compensate him for having "tampered with" his livelihood. (Docket No. 1 at 7).

On August 25, 2021, the Court directed petitioner to show cause as to why his case should not be dismissed for lack of exhaustion. (Docket No. 5). The Court explained that it could not interfere in a state's pending judicial process absent extraordinary circumstances. Furthermore, the Court noted that it should abstain from the exercise of 28 U.S.C. § 2241 jurisdiction if the issues

raised in the petition might be resolved by the state court or other state procedures. Though petitioner alleged that he had filed a motion in the state court, there was no indication that he had filed a petition for writ of habeas corpus, the avenue provided by RSMo § 552.020.10 for challenging commitment to the Department of Mental health after it has been determined that an accused lacks mental fitness to proceed.

Petitioner was given thirty days in which to file his show cause response. On September 2, 2021, the Court received a letter from petitioner dated August 30, 2021. (Docket No. 6). The letter did not appear to be in response to the Court's order to show cause. In it, petitioner explained that an opinion from the Forensic Treatment Center finding him competent to stand trial was sent to Iron County Court on August 11, 2021. On August 26, 2021, Judge Schrum signed an order to bring him back to Iron County, at which point he would have a hearing. Petitioner complained that he had not been able to reach his public defender by telephone, and further advised the Court that he would soon be requesting subpoenas, as he intended to take his criminal case to a jury trial.

On September 23, 2021, the Court received a document from petitioner titled "Motion to Show Cause." (Docket No. 7). This document seemed to be the response ordered by the Court on August 25, 2021.

**Petitioner's Show Cause Response**

In his show cause response, petitioner states that he had a "misunderstanding" while talking with his public defender before a status hearing. (Docket No. 7 at 1). Though petitioner contends that it was a mistake, the upshot of this conversation was that petitioner's attorney thought that petitioner was "hearing voices." Due to this purported misinterpretation, petitioner was ordered to undergo a forensic interview with Dr. Springman.

4

According to petitioner, Dr. Springman gave a "preposterous opinion" saying that he was "incompetent to proceed." (Docket No. 7 at 2). This opinion was issued on August 6, 2020, and caused him to be incarcerated until being sent to the MPC for a pretrial interview. Petitioner states that he went to the MPC on January 28, 2021, and that Dr. Graham "did not opine until" August 11, 2021. Based on Dr. Graham's opinion, petitioner was released from the MPC on September 4, 2021.

Petitioner clarifies that his "Motion to Be Heard" on October 7, 2020 – which is referenced in his petition – asked Judge Schrum "not to concur with Dr. Springman's opinion." He also asked for his counsel to be changed.

At this point, it appears that petitioner is no longer being physically held at the MPC. Indeed, he states that he "is now out on [an] OR bond," and wearing a GPS monitoring bracelet. He has a hearing scheduled in Iron County on September 30, 2021.

Petitioner provides no indication that he filed a petition for writ of habeas corpus as provided by RSMo § 552.020.10. Such a petition is the statutory method for challenging an accused's commitment to the Department of Mental Health for a determination as to whether that individual can be made competent to proceed in his or her criminal case. Nonetheless, petitioner asserts that the Court has jurisdiction because the prosecutor, public defender, and doctors at the MPC are state employees, and because the MPC is a state facility. He also notes that "he may wish to move from habeas corpus to civil suit if needed."

## Discussion

Petitioner is a self-represented litigant who brings this action pursuant to 28 U.S.C. § 2241, seeking release from jail and the MPC. On August 25, 2021, he was ordered to show cause as to why his case should not be dismissed for failure to exhaust state remedies. Having reviewed

5

petitioner's response, and for the reasons discussed below, the petition will be denied and dismissed for lack of exhaustion.

### A. Exhaustion

Habeas corpus is generally a post-conviction remedy. *See Peyton v. Rowe*, 391 U.S. 54, 59 (1968). *See also Jones v. Perkins*, 245 U.S. 390, 391 (1918) (stating that it "is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial"). Pursuant to 28 U.S.C. § 2241(c)(3), however, a petitioner may file a petition for writ of habeas corpus if he or she "is in custody in violation of the Constitution or laws or treaties of the United States," regardless of whether he or she is in custody pursuant to the judgment of a state court.[2] Thus, a state court defendant attempting to litigate the authority of his or her pretrial detention may bring a habeas petition pursuant to § 2241. *See Palmer v. Clarke*, 961 F.2d 771, 774 (8th Cir. 1992) (noting that it was well-established that federal district courts could entertain a § 2241 petition in which petitioner asserted an impending Double Jeopardy Clause violation). *See also Walck v. Edmondson*, 472 F.3d 1227, 1235 (10th Cir. 2007) (stating "that a state court defendant attacking his pretrial detention should bring a habeas petition pursuant to the general grant of habeas authority contained within 28 U.S.C. § 2241"); and *Dickerson v. State of Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987) (stating that pretrial petitions "are properly brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him").

---

[2] *Compare* 28 U.S.C. § 2254(a) (stating that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody *pursuant to the judgment of a State court* only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States") (emphasis added), *with* 28 U.S.C. § 2241(c)(3) (stating that the "writ of habeas corpus shall not extend to a prisoner unless…[h]e is in custody in violation of the Constitution or laws or treaties of the United States").

Despite a detainee's ability to attack his pretrial detention through 28 U.S.C. § 2241, federal courts should not interfere, absent extraordinary circumstances, with a state's "pending judicial processes prior to trial and conviction, even though a prisoner claims he is being held in violation of the Constitution." *Sacco v. Falke*, 649 F.2d 634, 636 (8th Cir. 1981).

Although the language of 28 U.S.C. § 2241 does not contain an exhaustion requirement, a body of case law has developed determining that "federal courts should abstain from the exercise of [§ 2241] jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner." *Dickerson*, 816 F.2d at 225 (collecting cases). *See also Sacco*, 649 F.2d at 635-36 (stating that a petitioner seeking relief from state custody pursuant to § 2241 was "required to exhaust his state remedies"); *Hogquist v. Anoka Cty. Dist. Courts*, 2019 WL 6879367, at *1 (D. Minn. 2019); and *Moore v. United States*, 875 F. Supp. 620, 622 (D. Neb. 1994).

A prisoner can only avoid exhausting state remedies if he can demonstrate the existence of special circumstances. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489 (1973) (stating that "federal habeas corpus does not lie, absent special circumstances, to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgement of conviction by a state court"); and *Neville v. Cavanagh*, 611 F.2d 673, 675 (7th Cir. 1979) (stating that federal courts are reluctant to grant pretrial habeas relief, and that in the interest of comity between federal and state courts, a petitioner must first exhaust his state remedies, absent a showing of "special circumstances").

In this case, petitioner is chiefly challenging his placement in the MPC pending a determination as to whether he could be made competent to stand trial. As he clarifies in his show cause response, a competency evaluation was ordered after a "misunderstanding" with his attorney

7

led the attorney to believe that petitioner was "hearing voices." Following that incident, Dr. Springman authored an opinion finding petitioner "incompetent to proceed," whereupon he was sent to the MPC. Review of petitioner's criminal case shows that after he was committed to the Department of Mental Health, periodic reviews were held to determine whether petitioner had regained competency. At the time he filed his petition, petitioner was still in the MPC. Since then, however, petitioner states that he has been found competent to proceed, released from the MPC, and released on his own recognizance pending the resumption of his criminal case.

With regard to pretrial competency evaluations, Missouri law provides for such an evaluation, and requires that it be completed within sixty days of being ordered. RSMo § 552.020.2. During the pendency of the evaluation, the court may order "the accused be committed to or held in a suitable hospital facility." RSMo § 552.020.5. If the contents of the evaluation are contested, the court must hold a hearing to determine the accused's "mental fitness to proceed." RSMo § 552.020.7. At such a hearing, "the accused is presumed to have the mental fitness to proceed." RSMo § 552.020.8. Upon a finding of mental unfitness, the criminal proceedings must be suspended, and the accused committed "to the director of the department of mental health." RSMo § 552.020.9. Six months after a commitment, the court must order an examination by the head of the mental health facility to ascertain whether the accused is fit to proceed. RSMo § 552.020.11(1). A person so committed "shall be entitled to the writ of habeas corpus upon proper petition to the court that committed him." RSMo § 552.020.10.

There is no indication that petitioner filed a petition for writ of habeas corpus, which is the avenue provided by RSMo § 552.020.10 for challenging a commitment to the Department of Mental Health. Petitioner does say that he filed a "motion to be heard," asking the judge "not to concur with Dr. Springman's opinion" that he was incompetent to proceed, and also asking for his

counsel to be changed. This is not the proper way to challenge his pretrial commitment under Missouri law. Furthermore, there is no indication that petitioner attempted to appeal the outcome of his "motion to be heard," meaning that he has not given the Missouri courts the full opportunity to resolve any constitutional issues. While petitioner can avoid the exhaustion requirement by alleging "special circumstances," he has not established that any circumstances, special or otherwise, are present here.

The Court notes that in his show cause response, petitioner reports that he is no longer deemed incompetent to stand trial, and that he has been released from the MPC. This seems to be corroborated by his state court docket sheet. If that is the circumstance, it is unclear what petitioner is still attempting to challenge. That is, aside from general complaints about his attorney, he has not alleged that he is being held in custody in violation of the constitution.

In any event, to the extent that petitioner is asking the Court to intervene in his ongoing criminal case – for whatever reason – his petition still suffers from a lack of exhaustion. As discussed above, the Court must abstain from entertaining a petition regarding a pending state case if the issues raised in the petition may be resolved either by a trial on the merits or by other state procedures. Even assuming that petitioner has some cognizable constitutional issue – which he has not shown – he must still demonstrate that he attempted to resolve that issue through state procedures before coming into federal court.

**B. Summary Dismissal**

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief. This rule is applicable to petitions arising under 28 U.S.C. § 2241.[3] Here,

---

[3] Rule 1(b) of the Rules Governing § 2254 Cases in the United States District Courts states that "[t]he district court may apply any or all of these rules to a habeas petition not" filed pursuant to 28 U.S.C. § 2254.

9

it plainly appears that petitioner is not entitled to relief because he has not exhausted his state remedies. Therefore, the petition must be denied and dismissed.

### C. Certificate of Appealability

The Court has considered whether or not to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(A) ("Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from…the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court"). In order to issue such a certificate, the Court must find a substantial showing of the denial of a federal right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Petitioner has not made such a showing, so the Court will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's "Motion to Show Cause" (Docket No. 7) is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Docket No. 1) is **DENIED AND DISMISSED** for failure to exhaust state remedies. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

Dated this  28th   day of September, 2021.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE